UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.                                          No. 02-4177

MALCOLM DEXTER BULLOCK,
              *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CR-01-137-DKC)

Submitted: October 16, 2002

Decided: October 29, 2002

Before WILKINS, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

James Wyda, Federal Public Defender, Denise C. Barrett, Assistant United States Federal Public Defender, Baltimore, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Daphene R. McFerren, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Malcolm D. Bullock pled guilty to one count of being a felon in possession of a firearm and one count of possession with intent to distribute five grams or more of cocaine base. Bullock challenges the district court's denial of his motion to suppress, contending that the police officer's investigation exceeded the scope of the traffic stop and that the officer lacked reasonable suspicion to conduct a patdown.

We review determinations of reasonable suspicion de novo and the underlying facts under the clearly erroneous standard, giving due weight to inferences drawn from those facts by resident judges and local law enforcement officers. *United States v. Sprinkle*, 106 F.3d 613, 616-17 (4th Cir. 1997). Upon our review, we find that the officer's very brief questions in the context of a one-minute traffic stop which was occupied with traffic stop procedures did not exceed the scope of the stop. *See United States v. Jeffus*, 22 F.3d 554, 556-57 (4th Cir. 1994); *United States v. Shabazz*, 993 F.2d 431, 436 (5th Cir. 1993). We further conclude that based on the totality of the circumstances, the officer had reasonable suspicion to conduct a patdown of Bullock. *See United States v. Swann*, 149 F.3d 271, 275-77 (4th Cir. 1998); *United States v. Raymond*, 152 F.3d 309, 312 (4th Cir. 1998).

We reject Bullock's assertion that there remains an unresolved factual dispute below as the record reflects that the district court credited the officer's version of the patdown. Finally, we decline to take judicial notice of the map printed in Appellant's brief as it was not before the district court.

Accordingly, we affirm Bullock's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*